Lewis *v.* Mahon & Goodloe.

WILLIAM LEWIS *et al. v.* MAHON & GOODLOE.

LANDLORD AND TENANT. *Lien. For supplies furnished. Tenant, etc.*
The act of 1875, ch. 116, gives the landlord a lien on the crop for necessary supplies of food and clothing furnished the tenant, without any written contract therefor.

Code cited: Section 3542a.

FROM CROCKETT.

Appeal from the Circuit Court. G. B. BLACK, Judge.

COOPER & BUCHANAN for plaintiffs.

W. J. McFARLAND for defendants.

SNEED, J., delivered the opinion of the court.

This case involves the construction of the acts of 1870, ch. 121, sec. 1, and 1875, ch. 116, which gives to the landlords a lien upon the crops produced on leased or rented lands, to indemnify them for supplies furnished their tenants. The act of 1870, ch. 121, s. 1, is in the words following: "Any debt by note, account or otherwise, contracted for supplies, implements of industry (husbandry), or work stock furnished by the owners of land, to lessees, or by lessees to sub-tenants, and used in the cultivation of the crop, shall be and constitute a lien upon the crop growing

or made during the year upon the premises; provided the said lien is expressly contracted for on the face of the note or writing between the owner of the land and lessees, or between the lessees and sub-tenants; and provided further, that the agreement or contract so entered into shall not have priority of lien over the lien of the owner of the land for the rent." T. & S. Rev., sec. 3542a. The act of 1875, ch. 116, is entitled An act to amend an act passed January 12, 1870, ch. 121, sec. 1, granting furnishers of supplies a lien on crop, and provides that chapter 121, sec. 1, of the act passed 12th January, 1870, be so amended as to give landlords, in addition to liens already given them by law, a further lien on the growing crop for necessary *supplies of food and clothing* furnished tenants for themselves or those dependent on them, by the landlord or his agent, to enable the tenant to make the crop; provided an account of such necessary supplies is kept, as the articles are furnished, and sworn to before some justice of the peace, before the enforcement of the lien; provided also, that this lien shall be secondary to that of the landlord for his rent. The second section of this act provides that this lien may be enforced as the landlord's lien for rents; provided always, that the affidavits as above provided for, shall be made as to the truth and justice of the account, before the magistrate or clerk of the court shall issue writs of distraint or attachment. Acts 1875, ch. 116.

The facts of the case in judgment are as follows: The plaintiff in error, William Lewis, in the year 1876, furnished Williams with supplies necessary to

make the crop of that year made by Williams, the tenant, on the land of Lewis. There was no written contract or agreement between the parties touching the supplies; but they were duly furnished and an account thereof kept by Lewis. In October, 1876, the crop of cotton having been gathered, ginned and baled, it was levied upon by Mahon & Goodloe, under a judgment against Williams, and as his property. After this levy, Lewis made out an itemized account of the supplies furnished Williams, and had the same duly proven, and claims the cotton under the provisions of the act of 1875, ch. 116. Upon a case agreed, the circuit judge held that the levy gave the better right.

It is an elementary rule in the construction of statutes, that where there are several enactments upon the same subject matter, they must all be considered in order to ascertain the sense of either. It is another elementary rule, that repeals by implication are not to be favored, but that the last utterance of the legislative will upon any given subject must be taken as a repeal of the former, if there be such a repugnance that they cannot stand together, notwithstanding there be no express words of repeal. Now it is manifest that it was intended by the act of 1875, ch. 116, to modify the act of 1870, ch. 121, so as specially to favor those landlords who fed and clothed their tenants during the cultivation of the crop. The act of 1870, ch. 121, applies to supplies generally of whatsoever nature, and to implements of industry and work stock furnished, and requires that the lien shall be contracted for in writing; while the lien given by

Lewis *v.* Mahon & Goodloe.

the act of 1875, ch. 116, for supplies of the absolute necessaries of life, by the express terms of the statute, need not be contracted for in writing, but the same is secured to the landlord upon keeping an account thereof and duly proving the same before enforcement.

We hold, that so far as the supplies by a landlord of food and clothing are concerned, the act of 1875, ch. 116, was intended to secure the lien without written contract, and upon a simple compliance with its terms. Any other construction would render the legislation upon this subject senseless and incongruous, and the act of 1875, ch. 116, useless and supererogatory.

Let the judgment be reversed, and judgment entered here in favor of the appellant.